## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SHAWN DAWSON, | : | Case No. 1:17-CV-00371 |
| | : | |
| **Plaintiff,** | : | Judge _____ |
| | : | |
| v. | : | |
| | : | |
| DAVID BENJAMIN, | : | |
| | : | |
| and | : | COMPLAINT |
| | : | |
| RICHARD SHOFSTALL, | : | |
| | : | |
| and | : | JURY DEMAND ENDORSED HEREON |
| | : | |
| JOHN DOE NO. 1, | : | |
| | : | |
| and | : | |
| | : | |
| JOHN DOE NO. 2, | : | |
| | : | |
| **Defendants.** | : | |

Now comes Plaintiff SHAWN DAWSON and alleges as follows:

## **PARTIES**

1.      Plaintiff SHAWN DAWSON is a citizen of the State of Ohio and, at all pertinent times herein, a resident of Adams County, Ohio.

2.      Based upon information and belief, and after a reasonable opportunity for further investigation or discovery, sufficient evidentiary support will likely establish that Defendant DAVID BENJAMIN is a resident of Brown County, Ohio.

3.      At all relevant times herein, DAVID BENJAMIN served as a police officer with the Village of Winchester.

4. Based upon information and belief, and after a reasonable opportunity for further investigation or discovery, sufficient evidentiary support will likely establish that Defendant RICHARD SHOFSTALL is a resident of Brown County, Ohio.

5. At all relevant times herein, RICHARD SHOFSTALL served as a police officer with the Village of Winchester.

6. The Village of Winchester, Ohio, is a municipal corporation located in Adams County, Ohio, and is organized and existing pursuant to Chapter 7 of the Ohio Revised Code. Pursuant to Section 715.01 of the Ohio Revised Code, the Village of Winchester is a body politic and corporate organized under the laws of the State of Ohio, and is capable of being sued.

7. JOHN DOE No. 1 is an individual whose name is presently unknown but was a correctional officer working for the Adams County Sheriff at the Adams County Jail on December 28, 2016, and took custody of SHAWN DAWSON without a warrant or commitment papers authorizing the detention of SHAWN DAWSON.

8. JOHN DOE No. 2 is an individual whose name is presently unknown but was a correctional officer working for the Adams County Sheriff at the Adams County Jail on December 28, 2016, and took custody of SHAWN DAWSON without a warrant or commitment papers authorizing the detention of SHAWN DAWSON.

9. All actions of DAVID BENJAMIN, RICHARD SHOFSTALL, JOHN DOE No. 1, and JOHN DOE No. 2 set forth herein were undertaken under color of law.

### JURISDICTION & VENUE

10. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, as this action arises under the Fourteenth Amendment to the United States Constitution; under 28 U.S.C. § 1343(a)(3), in that it is brought to redress deprivations, under color of state law, of rights,

privileges, and immunities secured by the United States Constitution; and under 28 U.S.C. § 1367, as all other claims herein are so related to the claims in the action such that they form part of the same case or controversy.

11.     Venue is proper within this judicial district and division pursuant to 28 U.S.C. § 1391(b) as (i) at least some of the Defendants are situated within this judicial district; and (ii) all of the claims asserted arose within this judicial district.

## FACTUAL ALLEGATIONS

12.     On December 28, 2016, at approximately 9:15 *a.m.* the Winchester Police Department received a report of an alleged breaking and entering occurring at Devore's Laundry, a business located in the Village of Winchester.

13.     Defendant DAVID BENJAMIN and Defendant RICHARD SHOFSTALL jointly undertook the investigation of the alleged crime occurring at Devore's Laundry.

14.     A neighbor of Devore's Laundry described to the Winchester Police Department a single individual that he observed outside of Devore's Laundry late in the evening of December 27, 2016.

15.     Based upon the description provided by the neighbor of the single individual observed outside Devore's Laundry late in the evening of December 27, 2016, DAVID BENJAMIN and RICHARD SHOFSTALL decided to interview an individual named A.J. Scheadler.

16.     On December 28, 2016, lasting from approximately 5:15 *p.m.* to 5:25 *p.m.,* DAVID BENJAMIN and RICHARD SHOFSTALL jointly interviewed A.J. Scheadler at the offices of the Winchester Police Department about the break-in occurring at Devore's Laundry.

17.    DAVID BENJAMIN and RICHARD SHOFSTALL caused an audiovisual recording to be made of the interview they conducted of A.J. Scheadler on December 28, 2016.

18.    A true and accurate copy of the audiovisual recording of the interview of A.J. Scheadler conducted by DAVID BENJAMIN and RICHARD SHOFSTALL on December 28, 2016, is attached as Exhibit A.

19.    At no time during the course of being interviewed by DAVID BENJAMIN and RICHARD SHOFSTALL did A.J. Scheadler admit or acknowledge any involvement in the break-in occurring at Devore's Laundry.

20.    At no time during the course of being interviewed by DAVID BENJAMIN and RICHARD SHOFSTALL did A.J. Scheadler implicate or accuse SHAWN DAWSON of having any involvement in the break-in occurring at Devore's Laundry.

21.    Following their interview of A.J. Scheader, DAVID BENJAMIN and RICHARD SHOFSTALL proceeded to jointly interview SHAWN DAWSON at the offices of the Winchester Police Department about the break-in occurring at Devore's Laundry.

22.    The interview of SHAWN DAWSON by DAVID BENJAMIN and RICHARD SHOFSTALL occurred on December 28, 2016, starting at approximately 6:12 *p.m.*

23.    DAVID BENJAMIN and RICHARD SHOFSTALL caused an audiovisual recording to be made of the interview they conducted of SHAWN DAWSON on December 28, 2016.

24.    A true and accurate copy of the audiovisual recording of the interview of SHAWN DAWSON conducted by DAVID BENJAMIN and RICHARD SHOFSTALL on December 28, 2016, is attached as Exhibit B.

- 4 -

25. At no time during the course of being interviewed by DAVID BENJAMIN and RICHARD SHOFSTALL did SHAWN DAWSON admit or acknowledge any involvement in the break-in occurring at Devore's Laundry.

26. On December 28, 2016, at approximately 6:30 *p.m.*, DAVID BENJAMIN and RICHARD SHOFSTALL placed SHAWN DAWSON under arrest without a warrant charging him with the criminal offenses of breaking and entering, and theft.

27. The actions of DAVID BENJAMIN and RICHARD SHOFSTALL, in placing SHAWN DAWSON under arrest without a warrant, constitute a seizure under the Fourth Amendment.

28. After placing SHAWN DAWSON under arrest without a warrant and without probable cause, DAVID BENJAMIN and RICHARD SHOFSTALL continued to question and interrogate SHAWN DAWSON without apprizing him of his *Miranda* rights or obtaining any waiver of those rights.

29. At the time that they placed SHAWN DAWSON under arrest without a warrant and without probable cause, DAVID BENJAMIN and RICHARD SHOFSTALL lacked probable cause to support the warrantless arrest of SHAWN DAWSON for the criminal offenses of breaking and entering, and theft.

30. After placing SHAWN DAWSON under arrest without a warrant and without probable cause, DAVID BENJAMIN declared and represented that A.J. Scheadler had confessed to breaking into Devore's Laundry together with SHAWN DAWSON. This statement and declaration by DAVID BENJAMIN was false and lacked any factual basis.

31. After placing SHAWN DAWSON under arrest without a warrant and without probable cause, DAVID BENJAMIN declared and represented to SHAWN DAWSON that two

neighbors of Devore's Laundry observed both A.J. Scheadler and SHAWN DAWSON at Devore's Laundry. This statement and declaration by DAVID BENJAMIN was false; a single neighbor had reported observing a single individual outside of Devore's Laundry and the physical description matched that of A.J. Scheadler, not SHAWN DAWSON. No individual reported observing anyone, let alone SHAWN DAWSON, as having broken into Devore's Laundry.

32. Upon placing SHAWN DAWSON under arrest without a warrant and without probable cause on December 28, 2016, at approximately 6:30 *p.m.*, DAVID BENJAMIN or RICHARD SHOFSTALL transported SHAWN DAWSON to the Adams County Jail, located in West Union, Ohio.

33. At the Adams County Jail, DAVID BENJAMIN or RICHARD SHOFSTALL presented the body and person of SHAWN DAWSON to JOHN DOE No. 1 and/or JOHN DOE No. 2 who then took physical custody of SHAWN DAWSON and proceeded to incarcerate SHAWN DAWSON at the Adams County Jail.

34. The actions of JOHN DOE No. 1 and/or JOHN DOE No. 2 in taking physical custody of and incarcerating SHAWN DAWSON constitute a seizure under the Fourth Amendment.

35. In seizing SHAWN DAWSON on December 28, 2016, JOHN DOE No. 1 and/or JOHN DOE No. 2 lacked probable cause to support the warrantless arrest of SHAWN DAWSON for the criminal offenses of breaking and entering, and theft.

36. In seizing SHAWN DAWSON on December 28, 2016, JOHN DOE No. 1 and/or JOHN DOE No. 2 lacked any commitment paper or arrest warrant issued by a neutral and detached magistrate authorizing the continued seizure of SHAWN DAWSON.

37.    Notwithstanding having placed SHAWN DAWSON under arrest on December 28, 2016, DAVID BENJAMIN and/or RICHARD SHOFSTALL did not cause any filing to be made with any court until two days later on December 30, 2016.

38.    Eventually, a preliminary hearing was held on January 6, 2017, before Judge Alan Foster of the Adams County Court.

39.    At the conclusion of the preliminary hearing held on January, 6, 2017, including the presentment of evidence, Judge Foster concluded and ruled that probable cause did not exist to support the arrest or continued detention of SHAWN DAWSON.

40.    Only upon the finding of no probable cause by Judge Foster was SHAWN DAWSON released from being incarcerated at the Adams County Jail.

41.    Thus, SHAWN DAWSON was incarcerated at the Adams County Jail for 10 days, from December 28, 2016, to January 6, 2017, in violation of his rights under the Fourth and Fourteenth Amendments.

### *Constitutional Rights of Plaintiff Have Been Violated*

42.    By virtue of its incorporation into the Fourteenth Amendment of the United States Constitution, the Fourth Amendment to the United States Constitution requires the States to provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty. *Gerstein v. Pugh*, 420 U.S. 103 (1975).

43.    At no time was SHAWN DAWSON provided a timely *Gerstein* hearing in violation of his rights under the Fourteenth Amendment of the United States Constitution.

44.    By virtue of its incorporation into the Fourteenth Amendment of the United States Constitution, the Fourth Amendment to the United States Constitution prohibits the arrest of any person without a warrant unless based upon probable cause.

45.    The warrantless arrest of SHAWN DAWSON constitutes an arrest or seizure for purposes of the Fourth Amendment.

46.    The detention of SHAWN DAWSON constitutes an arrest or seizure for purposes of the Fourth Amendment.

47.    The arrest and detention of SHAWN DAWSON was not based upon probable cause.

48.    The arrest and detention of SHAWN DAWSON was not based upon the issuance of an arrest warrant.

49.    The arrest and detention of SHAWN DAWSON was in violation of his rights as guaranteed by the Fourteenth Amendment to the United States Constitution, including the rights to substantive and procedural due process.

50.    As a direct and proximate result of the foregoing conduct of the Defendants, SHAWN DAWSON was denied the protections of substantive and procedural due process guaranteed by the Fourteenth Amendment to the United States Constitution.

51.    All actions of all Defendants herein were done with actual malice and/or with a reckless disregard of the consequences to or the legal rights of the SHAWN DAWSON, and demonstrate malice, aggravated or egregious fraud, oppression, or insult toward SHAWN DAWSON and the rights protected by the United States Constitution.

**FIRST CAUSE OF ACTION**
**(Deprivation of Civil Rights, 42 U.S.C. 1983)**

52.  PLAINTIFF incorporates each of the preceding paragraphs as if fully restated here.

53.  Defendants, while operating under color of state law, have deprived SHAWN DAWSON of the rights, privileges, and immunities secured by the United States Constitution, including, without limitation, the Fourth and Fourteenth Amendments to the United States Constitution.

54.  As a direct and proximate result of Defendants' violations or deprivations of the rights, privileges, and immunities of SHAWN DAWSON that are secured by the United States Constitution, SHAWN DAWSON has suffered damages.

**SECOND CAUSE OF ACTION**
**(False Arrest / False Imprisonment)**

55.  PLAINTIFF incorporates each of the preceding paragraphs as if fully restated here.

56.  Defendants intentionally and unlawfully confined or detained SHAWN DAWSON in a limited area, for an appreciable time, against his will and without lawful justification.

57.  The intentional and unlawful confining or detention of SHAWN DAWSON and damages resulting therefrom, was the result of the act or omission of Defendants and was of such a nature as to be done or not done maliciously, in bad faith, or in a wanton or reckless manner with respect to the rights and interests of SHAWN DAWSON.

58.  As a direct and proximate result of the foregoing conduct of Defendants, SHAWN DAWSON has suffered damages or, at a minimum, is entitled to nominal damages.

## THIRD CAUSE OF ACTION
### (Malicious Prosecution)

59.  PLAINTIFF incorporates each of the preceding paragraphs as if fully restated here.

60.  The institution and/or continued prosecution of SHAWN DAWSON was undertaken by DAVID BENJAMIN and RICHARD SHOFSTALL with malice.

61.  In instituting and/or continuing the prosecution of SHAWN DAWSON, a lack of probable cause existed to charge or to prosecute SHAWN DAWSON.

62.  The prosecution of SHAWN DAWSON for the alleged criminal offenses was terminated in favor of SHAWN DAWSON.

63.  As such, DAVID BENJAMIN and RICHARD SHOFSTALL have maliciously prosecuted SHAWN DAWSON.

64.  The malicious prosecution of SHAWN DAWSON by DAVID BENJAMIN and RICHARD SHOFSTALL, and damages resulting therefrom, was of such a nature as to be done maliciously, in bad faith, or in a wanton or reckless manner with respect to the rights and interests of SHAWN DAWSON.

65.  As a direct and proximate result of the foregoing conduct of the DAVID BENJAMIN and RICHARD SHOFSTALL, SHAWN DAWSON has suffered damages.

WHEREFORE, Plaintiff SHAWN DAWSON demands judgment in his favor and against the Defendants, including, as follows:

A.  granting compensatory damages against all Defendants in an amount to be determined at trial;

B.  granting punitive damages against the Defendants in an amount to be determined at trial;

- 10 -

C.    awarding Plaintiff his attorney fees and costs pursuant to 42 U.S.C 1988 and the common law;

D.    granting any other relief to which he may be entitled in law or in equity.

Respectfully submitted,


 /s/ Justin C. Walker
Christopher P. Finney (0038998)
Justin C. Walker (0080001)
FINNEY LAW FIRM, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, Ohio 45245
(513) 943-6650
(513) 943-6669 (fax)
*Chris@finneylawfirm.com*
*Justin@finneylawfirm.com*

*Trial Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff requests a trial by a jury of twelve persons.

        /s/ Justin C. Walker
       Justin C. Walker